J. A. MAGOON, Guardian of the person and estates of Susan
Brash, and Administrator with the will annexed of the
Estate of William Brash, deceased, *v.* RICHARD M.
BRASH, WALTER BRASH, W. G. BRASH, MARY
A. WATERBURY and ELIZABETH ROBSON.

SUBMITTED OCTOBER 7, 1897.     DECIDED OCTOBER 22, 1897.

JUDD, C.J., FREAR AND WHITING, JJ.

Under the Act of 1892 (Chap. 73) respecting the opening of highways,
land in Honolulu was taken by the Government over which to open
a street. The statutory commissioners made their award and the
Minister of the Interior paid the sum into the Supreme Court to
abide its decision as to who the rightful claimant is. Held, that
the proceeds of the land should retain the same character as the
original real estate and in this case it should be paid according
to the will of the testator who devised the land to his daughter
S. for life. The reversioners not being now ascertained, and who
they will be depending upon certain named contingencies, the fund
is ordered paid to the guardian of the daughter S. for investment,
the income to be used for the benefit of the ward.

The bond securing this fund to be given by the guardian is to be ap-
proved by the Probate Court.

Compensation to the guardian in his capacity as counsel in attending
the commissioners' court and the proceedings on this bill to be
fixed by the Probate Court and paid out of the current income of
the ward.

No compensation can be allowed out of the fund to the petitioner as
counsel for the contingent remainder men, they not employing
him.

### OPINION OF THE COURT BY JUDD, C.J.

An original bill in equity was presented to us under the
statute, Section 22 of Chapter 73, of "An Act to provide for the

opening, improving and closing of highways," passed by the Legislature of 1892, in which this Court, in case the title of any claimant to the proceeds of land taken for street opening be in dispute, was given jurisdiction to determine the party entitled to the fund. In this case the Minister of the Interior deposited in Court the sum awarded, to wit, $3,000 for the land and $1,000 for a house thereon. The bill was brought by J. A. Magoon, describing himself as "Guardian of the person and estates of Susan Brash and Administrator with the will annexed of the estate of Wm. Brash, deceased." The defendants are the several surviving children of W. Brash, deceased, who left a will by which, among other things, he devised the land whose proceeds are in question, (being the premises on Emma street, Honolulu, taken by the state for extending Vineyard street), to Susan Brash for life, but if she should die before marriage then to Elizabeth Brash, now Robson, and if Susan should marry and have issue then to Susan, her heirs and assigns.

The bill asks that the sum deposited be paid to the petitioner as guardian of Susan to be invested by him and the income applied to the ward's maintenance and that the petitioner be awarded an attorney's fee of $400 to be taken from the sum awarded. The various children and devisees of the testator, Brash, were summoned to appear and show cause. Two of them, Mrs. Mary A. Waterbury and Mrs. Elizabeth Robson, being residents of California, were served with process by mail as ordered by the Court. None of the parties respondent made written answer, but Wm. G. Brash, of Honolulu, appeared and orally objected to the charge of petitioner for services and asked that the whole sum be deposited with a trustee to be named under a bond securing this principal, the interest to be used for the petitioner's ward.

It is clear that the proceeds of the land taken, as awarded by the statutory commissioners, whose proceedings as shown by the evidence seem to be regular, should retain the same character as the original real estate. According to the will of the testator Brash, Susan is entitled to the income of the money for life, she

having a life interest in the land. Who is entitled to the principal will depend upon the happening of the contingencies expressed in the will. It is at present uncertain who is entitled to the remainder. If the remainder man was certain we might dispose of this sum, according to the rule laid down by Mr. Justice Story in *Foster v. Hilliard, et al.*, 1 Story R. 77, that is, by dividing the principal sum, giving the life tenant the value of her interest, calculating the probable duration of the ward's life according to the common tables and the rest to the remainder man. But we cannot do this as the remainder is contingent.

The corpus of the estate must be held by the guardian of the life tenant Susan, until the reversioners are ascertained.

But the main question before us is in regard to the charge for legal services. A claim for $400 was filed by the petitioner against the fund in Court and it is objected to by one of the respondents. The petitioner is an attorney-at-law as well as the guardian of the life tenant and as guardian is subject to the Probate Court for the management of his trust to which court he has to account annually. An accession to the estate of his ward comes into his hands. Whether he is entitled to any compensation as an attorney for his services in attending the commissioners' court and in bringing this suit and if so how much, are matters solely within the province of the court which supervises his trust. The only issue before us is the question who is entitled to the fund. But it is urged upon us that the petitioner's services were beneficial to the reversioners, whoever they may be, and that it would be equitable to deduct for this purpose a proper fee from the principal sum, before it passes to the life tenant, on the principle that when a life tenant discharges an incumbrance he can call upon the reversioners to contribute. But this is not the state of facts here. The state took the land for a public use. An appearance before the commissioners by the petitioner who represented the person entitled at the time to the immediate possession of the land was necessary, and he was the only person served with notice. The land was converted into money *in invitum* and though the petitioner's services were

doubtless valuable in increasing the award made we cannot see our way clear to allow a fee out of the principal of the estate which would reduce its interest earning capacity to the life tenant and reduce the inheritance to the reversioners who did not employ the petitioner as counsel.

Our judgment is that the petitioner as guardian of Susan Brash is entitled to the possession of the fund, to be held and invested by him, the income to be used for the benefit of the ward, the Clerk to pay it over to him on his filing a bond in the Probate Court, the amount whereof to be settled and sureties thereon to be approved by that Court, his compensation to be fixed by that Court out of current income.

*J. A. Magoon* and *W. S. Edings* for the petitioner.